UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNER CITY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-526** |
| **NATIONWIDE PUBLIC INSURANCE ADJUSTERS, INC.** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is the plaintiff Kenner City's Motion for Summary Judgment (Rec. Doc. 13) which seeks dismissal of the defendant Nationwide Insurance Agency's ("Nationwide") counterclaim. For the following reasons, Kenner's motion is now GRANTED IN PART and DENIED IN PART as specified below.

**I.     BACKGROUND**

This case arises out of a written contract between Kenner and Nationwide for public adjusting services related to litigation resulting from damage to the Pontchartrain Center during Hurricane Katrina. An initial Loss Consulting Agreement was entered into by Kenner and Nationwide on August 26, 2006, which provides in relevant part as follows:

> The INSURED hereby agrees to pay ADJUSTER for its service on a Time and Expense basis, a sum not to exceed One Hundred Thousand and no/100 ($100,000.) Dollars, as more fully described in the hourly rate schedule contained in paragraph 12, for a term of thirty (30) days from the effective date of this Agreement.

*See* Rec. Doc. 1-3 at 6. Paragraph twelve of the Loss Consulting Agreement sets forth an hourly rate schedule and further discusses the compensation to be paid to Nationwide:

> INSURED shall compensate ADJUSTER a maximum of One Hundred Thousand ($100,000) Dollars for performance of the property insurance adjustment services,

1

> INSURED shall not be liable for any costs or expenses paid or incurred by adjuster in the performance of the services, in excess of One Hundred Thousand ($100,000) Dollars.

*See id.* at 8. The term of the Agreement was later extended for sixty days by an Addendum No. 1 to Loss Consulting Agreement, which was entered into by the parties in writing on October 10, 2006. *See id.* at 15. Both the Loss Consulting Agreement and Addendum No. 1 to Loss Consulting Agreement were drafted by Kenner.

After receiving a demand letter from Nationwide for payment for services in excess of $100,000, Kenner filed this declaratory judgment action in the 24th Judicial District Court for the Parish of Jefferson. Kenner seeks a declaration that payment to Nationwide cannot exceed $100,000, pursuant to the terms of the written contract. Kenner also seeks a declaration that it may utilize various reports generated by Nationwide and its subcontractors in connection with its adjusting services under the contract.

Nationwide subsequently removed the case to this Court and has asserted a counterclaim against Kenner seeking over $300,000 for its services and expenses, plus attorney's fees and legal interest. Nationwide argues that Kenner officials orally modified the Loss Consulting Agreement or, alternatively, entered into a subsequent oral contract, by advising Nationwide to continue performing services beyond the monetary and time caps set forth in the contract and by assuring Nationwide that Kenner would pay for these additional services and expenses. In addition, Nationwide makes alternative claims for unjust enrichment, intentional misrepresentation, and negligent misrepresentation.

**II.     PRESENT MOTION**

Kenner's present motion for summary judgment asks the Court to dismiss Nationwide's counterclaim in its entirety.  Kenner argues that the compensation cap in the contract is unambiguous and therefore that any parol evidence of an alleged oral modification or subsequent oral contract is inadmissible.  Kenner also seeks dismissal of Nationwide's claim for attorney's fees, arguing that Nationwide bases its claim on Louisiana Revised Statute § 9:2781, and that this statute only applies to open accounts.  Kenner's motion does not address Nationwide's alternative claims for unjust enrichment, intentional misrepresentation, and negligent misrepresentation.

**III.    LAW & ANALYSIS**

**A.     Standard of Review**

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).  If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the

pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

It is undisputed that Louisiana law applies to this case. In Louisiana, a contract has "the effect of law for the parties." La. Civ. Code Ann. art. 1983. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code Ann. art. 2046. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code Ann. art. 2050. "[P]arole evidence is not admissible to negate or vary the content of a contract, unless, in the interest of justice, it is offered to show that 'the written act was modified by a subsequent and valid oral agreement.'" *Menard v. Hyatt*, 773 So.2d 908, 910 (La. App. 3 Cir. 12/6/00) (quoting La. Civ. Code Ann. art. 1848). The interpretation of a contract is a matter of law that is appropriately addressed on summary judgment. *See Kappa Loyal, L.L.C. v. Plaisance Dragline & Dredging Co., Inc.*, 848 So.2d 765, 769 (La. App. 5 Cir. 6/19/03).

### B.   Nationwide's Oral Modification Claim

In count one of its counterclaim, Nationwide contends that Kenner orally modified the Loss Consulting Agreement. In support of this claim, Nationwide argues that the Loss Consulting Agreement is ambiguous. Specifically, Nationwide argues that although paragraph two sets forth a $100,000 cap on total payment under the contract, paragraph twelve appears to limit payment for services to $100,000 and payment for expenses to $100,000, for a total cap on payment of $200,000. In light of this alleged ambiguity, Nationwide argues that summary judgment is inappropriate on its oral modification claim in count one.

The Court finds, however, that the Loss Consulting Agreement is clear and unambiguous, and that Nationwide's oral modification claim in count one fails as a matter of law because parole evidence may not be used to alter the terms of a written contract "when the words of a contract are clear and lead to no absurd consequences." La. Civ. Code Ann. Art. 2046; *Edwards v. State of Louisiana*, 244 So.2d 69, 72 (La. Ct. App. 1971). When the Loss Consulting Agreement is read as a whole, that is, when paragraph twelve is interpreted in light of paragraph two and the remainder of the contract, any theoretical ambiguity vanishes. Paragraph two clearly states that Kenner agrees to pay Nationwide for its services "on a Time and Expense basis, a sum not to exceed [$100,000]." Moreover, paragraph two directs the reader to paragraph twelve for a more detailed description of this total cap. Paragraph twelve merely restates this total cap, albeit twice, prior to setting forth the hourly rate schedule. Accordingly, the Court finds that paragraph twelve does not render the Loss Consulting Agreement ambiguous and, therefore, that parol evidence may not be used to alter the terms of the written contract. Thus, Kenner's motion will be granted in part such that Nationwide's oral modification claim in count one will be dismissed with prejudice.

      C.     **Nationwide's Subsequent Oral Agreement Claim**

In count two of its counterclaim, Nationwide alleges that it and Kenner entered into a subsequent oral contract whereby Kenner agreed to compensate Nationwide for all services rendered and expenses incurred beyond the cap set forth in the Loss Consulting Agreement. This allegation is essentially identical to the allegation made in count one of Nationwide's counterclaim, and fails for similar reasons.

Although Article 1848 of the *Louisiana Civil Code* recognizes that a written contract can be modified by a "subsequent and valid oral agreement," parol evidence of such a subsequent contract may only be admitted "to vary the contents of an authentic act or an act under private signature . . . in the interest of justice." La. Civ. Code Ann. art. 1848. In light of the nature and scope of the written contacts in this case, the Court finds that allowing parol evidence of an alleged subsequent oral contract that purports to modify the central terms of these contacts does not further the interests of justice. Indeed, when an alleged subsequent oral contract concerns the very subject matter of an unambiguous written contract, the admission of parol evidence is especially problematic. This is true regardless of whether the parol evidence is used to further a modification theory or under the guise of a separate contract theory. Thus, Kenner's motion will be granted in part such that Nationwide's subsequent oral contract claim in count two will also be dismissed with prejudice.

### D.    Nationwide's Remaining Claims

As noted above, Kenner's motion does not address Nationwide's alternative claims for unjust enrichment, intentional misrepresentation, and negligent misrepresentation made in counts three, four, and five of its counterclaim. Although Kenner attempts to support the dismissal of these claims in its reply brief, the Court finds it inappropriate to consider these claims at this time since they are not formally before the Court. *See, e.g., Mitsui & Co. v. M/V Hermann Schulte*, No. 95-3270, 1996 WL 365660, at *3 (E.D. La. July 1, 1996) ("A reply memorandum is not adequate to raise entirely new arguments for dismissal."). Similarly, whether or not Nationwide is entitled to attorneys' fees is also a matter that is not ripe for decision at this time, especially given that Nationwide does not exclusively rely on Louisiana Revised Statute §

9:2781 as Kenner contends. Accordingly, Kenner's motion will be denied in part with respect to all of these remaining claims.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Kenner's Motion for Summary Judgment (Rec. Doc. 13) is GRANTED IN PART, such that Nationwide's oral modification and subsequent oral agreement claims in counts one and two of its counterclaim are hereby DISMISSED WITH PREJUDICE. Kenner's motion is DENIED IN PART in all other respects.

New Orleans, Louisiana, this 6th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE